NO. 07-01-0288-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 7, 2003

______________________________

JOJOS RESTAURANTS, INC.,

Appellant

v.

JERMAINE MCFADDEN AND MARIA MCFADDEN, 

Appellees

_________________________________

FROM THE 129
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 98-38676; HON. PATRICK MIZELL, PRESIDING

_______________________________

On Motion for Rehearing

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the motion of Jojos Restaurants, Inc. (Jojos) asking the court to clarify or modify its judgment rendered in this cause on June 12, 2003.  That is, it asks the court to adjudicate who is to pay the costs of court incurred in the preparation for trial and trial of the proceeding.  By our judgment of June 12
th
, we reversed that of the trial court and declared that Jermaine McFadden and Maria McFadden take nothing against Jojos.  Though we assessed court costs incident to the appeal against the McFaddens, nothing was said about the court costs incurred in preparing for trial and trying the cause below.  Furthermore, Jojos represents to this court that a guardian ad litem allegedly appointed by the trial court has made demand upon Jojos for payment of its fees incurred in relation to the trial of the cause.  
See 
Tex. R. Civ. P
.
 173 (stating that ad litem fees may be taxed as costs of court).

According to Texas Rule of Civil Procedure 131, the successful party is generally entitled to recover from its adversary all costs incurred.  While a court may deviate from this rule, it can do so only for good cause.  
Tex. R. Civ. P
.
 141.  No one has filed a response to the motion of Jojos purporting to explain why good cause would warrant deviation at bar from the directive of Rule 131.  Accordingly, we grant the motion and modify our judgment rendered in this cause to also order that all costs of court incurred in the preparation for trial and trial of the cause below (including guardian ad litem fees) be paid by Jermaine McFadden and Maria McFadden.  We intend by this to also include within the scope of “court costs” all court costs incurred in relation to the pursuit of any and all post-judgment relief sought in the trial court.

Brian Quinn

   Justice